IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SAVAGE, : | |
| : | |
| Plaintiff, : | CIVIL NO. 4:CV-09-1000 |
| : | |
| v. : | (Judge McClure) |
| : | |
| JOHN KERESTES, *et al.*, : | |
| : | |
| Defendants. : | |

## **MEMORANDUM**

June 3, 2009

Plaintiff Michael Savage ("Plaintiff" or "Savage"), an inmate presently confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this *pro se* civil rights action in the United States District Court for the Eastern District of Pennsylvania by filing a Complaint under 42 U.S.C. § 1983. (Record document no. 4.) He subsequently filed an application to proceed *in forma pauperis*.

By Memorandum and Order dated April 22, 2009, Plaintiff's application to proceed *in forma pauperis* was granted, and the case was transferred to this Court pursuant to 28 U.S.C. § 1406(a) in light of the fact that Plaintiff's allegations stem from events that took place at SCI-Mahanoy, which is located in this district. (*See* Record document nos. 2, 3.) The case was opened in this Court on May 27, 2009.

(*See* Record document no. 5.)

The case currently is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). In addition, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**DISCUSSION**

Savage names the following employees of SCI-Mahanoy as Defendants:

Superintendent John Kerestes; Brenda Tritt, "DSCS"; and David Bodner, CI Manager. (*See* Record document no. 4 at 1.) He makes the following allegations ins his Complaint:

On April 3, 2008, Block Officer Rakus informed Savage that he was "laid in" from work at the CI-Commissary. (*See id.* at 5.) On April 8, 2008, Savage was called to the counselor's office on the I-Block where he was housed, and Unit Manager Spade told him that he "did not know what was going on with [Savage] being laid in from work." On April 9, 2008, Savage again was called to the counselor's office and Spade told him that he was being removed from the CI-Commissary for security reasons. Also present were Defendant Bodner; Mr. Christian, Savage's counselor; and an unidentified staff member. Spade asked Savage if he had any questions for Bodner. When Savage asked Bodner what he had done to be removed from his job, Bodner responded that, according to Defendant Tritt, he did not have to discuss security reasons with him. Although Savage stated that he signed "rules and procedures" stating that, after his first sixty (60) days of employment, management had to show cause to release him from his employment, Bodner responded that he was not going to discuss security reasons and advised Savage that he could file a grievance. Spade provided Savage with a grievance form. Savage was stripped of his

3

pay grade and still does not know what he did to become a "security risk."[1] As relief, Savage requests that his job be reinstated at the same pay scale he received at the time of his termination, that all lost wages be allotted to his inmate account, and that no retaliation be permitted by Bodner or anyone else upon his return to work. (*See* Record document no. 4 at 4.)

The Court construes Savage's claim to be that he was deprived of his prison job without due process of law. The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists, and if so, the next step is to define what process is mandated to protect it. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000). Prison conditions do not impact a protected liberty interest unless the prison's action imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

---

[1]Contrary to Savage's assertion, the response by the Office of Inmate Grievances & Appeals to his final appeal indicates that, after Savage was fired from his job in the CI shop, a support team hearing was held, a decision was made to remove Savage from his position, and records reflect that Savage was informed of the reasoning behind his removal. (*See* Record document no. 4 at 14, 6/25/08 Final Appeal Decision.)

An inmate does not have a protected liberty or property interest in continued prison employment. *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975). The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right. *Wilkins v. Bittenbender*, No. 04-2397, 2006 WL 860140, at *9 (M.D. Pa. March 31, 2006) (Conaboy, J.). "[A]n inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest." *Id.* (quoting *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)). *See also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding inmates have no property interest in continuing in work-release program); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not create a property interest in prison employment). Consequently, Savage's loss of his prison job does not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 483. Therefore, he is not entitled to any due process protections, and his Complaint must be dismissed for failure to state a claim.

In dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114. Because no

5

amendment could cure the defects in Savage's Complaint, amendment would be futile, and dismissal of the Complaint will be with prejudice.  An appropriate Order will enter.

                                       s/ James F. McClure, Jr.
                                    JAMES F. McCLURE, JR.
                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL SAVAGE, :
:
    Plaintiff, : CIVIL NO. 4:CV-09-1000
:
v. : (Judge McClure)
:
JOHN KERESTES, *et al.*, :
:
    Defendants. :

## **ORDER**

June 3, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint (Record document no. 4) is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court shall **CLOSE** this case.

                                          s/ James F. McClure, Jr.
                                          JAMES F. McCLURE, JR.
                                          United States District Judge