IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SAVAGE | : | 4:09-CV-1000 |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| JOHN KERESTES, et al., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

September 3, 2009

**BACKGROUND:**

Plaintiff Michael Savage, an inmate presently residing at the Mahanoy State Correction Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, filed a pro se complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. (Rec. Doc. No. 4). Savage also filed an application to proceed in forma pauperis, which was granted by memorandum and order dated April 22, 2009. (Rec. Doc. Nos. 1 and 3). The case was then transferred to this Court pursuant to 28 U.S.C. § 1406(a), as Savage's allegations arise from events taking place at SCI-Mahanoy, which is located in this district. (See Rec. Doc. Nos. 2 and 3). On May 27, 2009, the case was opened in this Court. (Rec. Doc. No. 5).

On June 3, 2009, this Court entered a memorandum and order dismissing Savage's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (Rec. Doc. No. 7). Savage, on June 17, 2009, filed with this Court a Motion for Reconsideration, entitled a "MOTION TO VACATE JUDGMENT," and a brief in support of his motion. (Rec. Doc. Nos. 8 and 9).

This matter is now ripe for disposition. For the reasons set forth below, the Court will deny Savage's Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e).

**Standard of Review**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d

1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

**DISCUSSION**

In his "MOTION TO VACATE JUDGMENT," Savage argues that he was removed from his job assignment without just cause and that no reason for removal was ever given to him by his support team or any prison staff. (Rec. Doc. No. 8). Savage argues in his Memorandum of Law attached to his motion that his due process rights were violated because he "was never told why he was

3

removed." (Rec. Doc. No. 9 at 1). As Savage has not argued an intervening change in controlling law or the availability of new evidence not previously available, Savage appears to raise the third reason for bringing a motion for reconsideration as set forth by the Third Circuit: the need to correct a clear error of law or fact or to prevent manifest injustice.

Savage claims that he was never informed as to the reason for his removal from his job. However, Savage appears to concede in both his Memorandum of Law (Rec. Doc. No. 9 at 2) and his initial complaint (Rec. Doc. No. 4 at 5) that he was told he was being removed for security reasons. A response by the Office of Inmate Grievances & Appeals to his final appeal also indicates that Savage was informed of the basis for his removal. (Rec. Doc. No. 4 at 14).

Even if Savage was not notified of the reasons for his removal, the absence of such notice would not be grounds for a Due Process Clause claim. To determine whether a violation of an individual's due process rights has occurred, a court must first decide "whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000) (citing Fuentes v. Shevin, 407 U.S. 67 (1972)).

As this Court noted in its Memorandum dated June 3, 2009, an inmate does

not have a protected liberty or property interest in continued prison employment. See James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); see generally Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975). The opportunity for an inmate to earn wages is a privilege, and any expectation an inmate might have "of keeping a specific prison job, or any job, does not implicate a protected property interest." Wilkins v. Bittenbender, No. 04-2397, 2006 WL 860140, at *9 (M.D. Pa. March 31, 2006) (Conaboy, J.) (quoting Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)).

Although the Due Process Clause does protect prisoners against revocation of good-time credit, it does not afford the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-151 (3d Cir. 2002) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)). The Third Circuit has noted that, when no state-created liberty interest is implicated, the Due Process Clause is only applicable "if the restraints at issue exceed the prisoner's sentence 'in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force' and do not violate any other constitutional provision." Torres, 292 F.3d at 150 (quoting Sandin, 515 U.S. at 484). A state-created liberty interest will arise only if the alleged action by the prison "imposes atypical and significant hardship on the inmate in relation to the

5

ordinary incidents of prison life." Sandin, 515 U.S. at 484.

The record shows that Savage was notified that he was being removed from employment for security reasons. In addition, even if such notice had not occurred, Savage cannot claim to have a property or liberty interest in his continued employment. Therefore, Savage has failed to show a need to correct a clear error of law or fact or to prevent manifest injustice, and his motion will be denied.

**CONCLUSION:**

Savage's "MOTION TO VACATE JUDGMENT" pursuant to Fed. R. Civ. P. 59(e) will be denied.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL SAVAGE | : | 4:09-CV-1000 |
| --- | --- | --- |
| Plaintiff, | : | (Judge McClure) |
| v. | : | |
| JOHN KERESTES, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

September 3, 2009

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

Plaintiff's "MOTION TO VACATE JUDGMENT" pursuant to Fed. R. Civ. P. 59(e) is **DENIED**. (Rec. Doc. No. 8).

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge